Joseph R. BANISTER, Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 15-71103

United States Court of Appeals, Ninth Circuit.

Submitted November 16, 2016 *

Filed November 21, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Joseph R. Banister, Pro Se

Julie Ciamporcero Avetta, Attorney, Robert William Metzler, Supervisory Attorney, Gilbert Steven Rothenberg, Esquire, Deputy Assistant Attorney, DOJ—U.S. Department of Justice, Washington, DC, Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, Washington, DC, William J. Wilkins, Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent-Appellee

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

### MEMORANDUM **

Joseph R. Banister appeals pro se from the Tax Court's decision, following a bench trial, upholding the Commissioner's determination of deficiencies and additions for tax years 2003 through 2006, and imposing a penalty under 26 U.S.C. § 6673. We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo the Tax Court's legal conclusions and for clear error its factual findings. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008). We affirm.

The Tax Court properly upheld the Commissioner's determination of deficiencies, additions, and penalties for tax years 2003 through 2006. *See* 26 U.S.C. § 6201 (setting forth assessment authority of the Internal Revenue Service ("IRS")); *id.* at §§ 7601-7613 (providing the IRS with broad investigatory powers); *Grimes v. Comm'r*, 806 F.2d 1451, 1453 (9th Cir. 1986) (restating that tax on income is constitutional and defining taxable income); *Bradford v. Comm'r*, 796 F.2d 303, 307 (9th Cir. 1986) (affirming the Tax Court's finding that fraud had been established by clear and convincing evidence based on, *inter alia*, a failure to file tax returns for four consecutive years).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

The Tax Court did not abuse its discretion by imposing a penalty against Banister for taking a frivolous position. *See* 26 U.S.C. § 6673; *Grimes,* 806 F.2d at 1454 (setting forth standard of review and finding no abuse of discretion in imposition of penalty for frivolous petition); *see also Larsen v. Comm'r,* 765 F.2d 939, 941 (9th Cir. 1985) ("The right to petition ... does not include the right to maintain groundless proceedings.").

We reject as without merit Banister's contentions that the Tax Court did not sufficiently consider his motion for offer of proof and motion to dismiss for lack of jurisdiction.

Respondent's motion for sanctions in the amount of $8,000, filed on August 31, 2015, is granted. *See* Fed. R. App. P. 38; *Grimes,* 806 F.2d at 1454 ("Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit.").

**AFFIRMED.**